# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00318-CV

---

**Randell Donell Canady, Appellant**

**v.**

**Donna Marie Canady, Appellee**

---

**FROM THE COUNTY COURT AT LAW NO. 3 OF WILLIAMSON COUNTY
NO. 22-1521-FC3, THE HONORABLE DOUG ARNOLD, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Randell Donell Canady, appearing pro se, appeals from the trial court's Order of Enforcement of Property Division (Order) finding that he had violated the agreed divorce decree that ended his marriage to Donna Marie Canady.[1]  In the Order, the trial court found that Randell had failed to comply with a provision in the decree requiring him to either refinance the mortgage on the parties' marital home (which had been awarded to him) or sell the home.  The Order mandated that Randell list the property for sale with a licensed realtor by a specified date and cooperate with the realtor to "achieve a speedy sale."  For the following reasons, we affirm the Order.

The trial court signed the agreed divorce decree on September 27, 2023.  Among its provisions, the decree awarded the parties' marital residence to Randell and required him to

---

[1]  Because the parties share the same surname, for clarity we refer to them by their first names.

"assume the promissory note secured by the property and pay it timely, no later than fifteen (15) days after the due date." It further required him to, within 180 days of the decree's entry, "refinance the mortgage note" on the property. If he failed to "refinance the mortgage removing DONNA MARIE CANADY's name from the note," the decree required him to sell the residence "on the first day following" the expiration of said 180 days.[2]

In February 2024, Donna filed a Petition for Enforcement of Property Division by Contempt, alleging that Randell was in contempt of the decree for failing to timely refinance the mortgage note. At the hearing on Donna's petition, Donna's attorney represented that they were no longer seeking a contempt judgment—they were asking only that Randell be required to sell the home—and thus the court stated that Randell was "not entitled to counsel" and could go forward pro se if he was prepared to do so, to which Randell responded affirmatively.

The trial court asked Randell in open court whether he had refinanced or sold the home within 180 days of the decree, referring to those two choices to which he was ordered in the decree as "Option A or B," respectively. Randell responded that he "applied for the refinance," was approved for it, but that the "VA agent called" him and told him that he did not have to refinance the loan but could "assume the loan entirely" instead. The trial court characterized the VA agent's suggestion as "Option C" and informed Randell that the decree did not permit a third party to "alleviate[] that responsibility for [Option] A or B." The trial court informed Randell that Donna was now asking for Option B (that Randell sell the home), and Randell replied, "Sir, I accept B." The trial court asked whether Randell could have the home ready to list by June 1, 2024, and whether that proposal would work for him, and he replied,

_____

[2] The decree alternatively required Randell to sell the home if, prior to timely refinancing, he "falls behind in the timely payment of the mortgage note secured by the property for a period of fifteen (15) days or more."

2

"Yes, Your Honor." The trial court then granted Donna's enforcement petition, ordered Randell to sell the home by June 1, 2024, and requested that Donna's counsel prepare an order accordingly, which it later signed.

On appeal, Randell complains that the decree's use of the term "refinance" is ambiguous and needs clarification, as he and Donna believe it means different things as to the method used to refinance the loan on the home. He contends that he may "assume" the loan as the "VA agent" suggested—which he argues would "remove" Donna's name from the mortgage note—while Donna maintains (and the trial court determined) that a loan assumption is not the same thing as a refinance, which term the decree expressly employed. Randall prays that this Court reverse the Order requiring him to sell the home and either replace the term "refinance" with "language that include[s] the Assumption refinance through the VA-guaranteed loan program" or remand the case to the trial court with instructions that it so revise the decree. Randell's appellate complaint fails for two reasons.

First, Randell conceded in open court that he had neither refinanced the home nor sold it as required in the decree. He then agreed to sell the home by June 1, 2024—the same relief Donna requested in open court—and based thereon the trial court orally rendered judgment granting Donna's enforcement petition and ordering Randell to sell the home by June 1, 2024. The court asked Donna's counsel to prepare an order accordingly, and later signed the corresponding Order. When a party consents on the record to a judgment, he may not appeal therefrom absent an allegation and proof of fraud, collusion, or misrepresentation. *See Gillum v. Republic Health Corp.*, 778 S.W.2d 558, 562 (Tex. App.—Dallas 1989, no writ) ("The rationale of such a rule is that a party will not be allowed to complain on appeal of an action or ruling which he invited or induced."); *see also In re R.H.B.*, 660 S.W.3d 136, 149–50 (Tex.

App.—San Antonio 2022, orig. proceeding) (noting that when both parties consent to modification agreement, court has ministerial duty to sign order consistent with oral rendition of judgment on agreement absent either party's withdrawal of consent prior to rendition).

Second, Randell's attempt to ask this Court to alter or modify the term "refinance" in the decree—an unambiguous term—constitutes an impermissible collateral attack on the decree. *See Hagen v. Hagen*, 282 S.W.3d 899, 902 (Tex. 2009); *see also* Tex. Fam. Code § 9.007(a) (providing that trial court's order to enforce property division is limited to assisting in implementation of or clarification of decree and may not amend, modify, alter, or change property division in decree). The term "refinance" means "to provide for (an outstanding indebtedness) by making or obtaining another loan or a larger loan on fresh terms." *See Refinance*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/refinance (last visited June 23, 2025). On the other hand, the assumption of a loan does not involve the making of a new loan but merely "the taking over of another's debts." *See Assumption*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/assumption (last visited June 23, 2025); *see also Assumption*, Black's Law Dictionary (12th ed. 2024) (defining "assumption of mortgage or trust deed" to mean "the acquisition of real property coupled with the assumption of personal liability for debt secured by that property"). Caselaw and the Texas Family Code prohibit Randell from obtaining the relief he seeks by challenging the Order's enforcement of the unambiguous terms of the decree, and it is undisputed that Randell did not file a timely notice of appeal from the trial court's divorce decree to be entitled to raise any alleged substantive errors in the decree. *See* Tex. Fam. Code § 9.007(a); *Hagen*, 282 S.W.3d at 902; Tex. R. App. P. 26.1 (specifying deadlines for notice of appeal).

4

We affirm the trial court's Order.

_____

Karin Crump, Justice

Before Justices Theofanis, Crump, and Ellis

Affirmed

Filed:   June 26, 2025